# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-08-0128-F |
| | ) |
| CITY OF OKLAHOMA CITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff David Wilson appears *pro se* in this action, and his pleadings are liberally construed.  The court reviews the sufficiency of the complaint *sua sponte*.

Plaintiff appears *in forma pauperis*.  With respect to proceedings in forma pauperis, 28 U.S.C. § 1915(e)(2) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...is frivolous...[or] fails to state a claim on which relief may be granted...."  Accordingly, the court takes up the sufficiency of the complaint *sua sponte*.  See, Tucker v. R.K.Hollingsowrth, 210 F.3d 390 (10th Cir. 2000) (*pro se* complaint dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii)), unpublished decision cited pursuant to the requirements of Tenth Circuit Rule 36.3.

The issue of whether this action states a claim is governed by the standard of Rule 12(b)(6), Fed. R. Civ. P.  The question is whether the claim contains enough facts to state a claim to relief that is plausible on its face.  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007).  In conducting that review, the court assumes the

truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff.  Ridge at Red Hawk, L.L.C. v. Schneider, __ F.3d __, 2007 WL 1969681 at * 3 (10th Cir., 2007).  If the complaint is not plausible on its face then it should be dismissed.

The nine-word complaint in this action states as follows:  "Wrongful death of Officer Johnathan Dragus.  Due Policies/Procedures."[1]  Thus, this action involves the death of a person other than the plaintiff.  There are no allegations to suggest any connection between the death of Officer Dragus and the plaintiff.  There are no allegations to suggest any familial or other relationship between Officer Dragus and the plaintiff.  There are no allegations to suggest plaintiff has standing to bring this action.  There are no allegations to suggest plaintiff has standing to claim that any Oklahoma City policies or procedures caused or contributed to Officer Dragus' death.  There are no allegations to suggest that any particular Oklahoma City policies or procedures caused or contributed to Officer Dragus' death.

The court finds that this action alleges an implausible claim for relief and that it is frivolous.[2]

After careful consideration of the pleadings and the legal authorities, the court determines that this action should be dismissed *sua sponte* under 28 U.S.C.§ 1915(e)(B)(i) and (ii) because this action is frivolous and fails to state a claim.  If § 1915(e) does not apply for any reason, the court finds and concludes that this action should be dismissed *sua sponte* under Rule 12(b)(6) for failure to state a

---

[1]The court believes the correct spelling of Officer Dragus's first name to be "Jonathan." Although it is not material to this order, Officer Jonathan Paul Dragus was killed in an automobile accident while pursuing a motorcycle in Oklahoma City, October 20, 2005.

[2]Including this action, Mr. Wilson has brought 20 civil cases in this court.  One of those cases, Wilson v. Oklahoma City Police Department, et al., CIV-06-0223-F, was decided in May of 2007 by a jury verdict in the defendant's favor.  Mr. Wilson represented himself in that action.

claim.  Any one of these determinations, standing alone, is sufficient grounds for dismissal.  Amendment would be futile.

This action is **DISMISSED** with prejudice.

Dated this 11th day of February, 2008.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0128p001(pub).wpd